## 18448. CLARK *v.* THE STATE.

In view of the charge of the court as to corroboration of the testimony of an accomplice, the omission of a part of the requested instruction on that subject was not error.

Independently of the evidence of the accomplice, who testified as to the making of whisky by the accused, there were corroborating circumstances which tended to connect the accused with the act charged; and the sufficiency of the corroboration was a matter entirely for determination by the jury.

DECIDED NOVEMBER 16, 1927.

Making intoxicating liquor; from Walker superior court—Judge Maddox. August 13, 1927.

*M. B. Eubanks,* for plaintiff in error.

*J. F. Kelly, solicitor-general, M. Neil Andrews,* contra.

BLOODWORTH, J. 1. The motion for a new trial alleges that the court erred in refusing a written request to charge as follows: "Before the jury would be authorized to convict on the testimony of an accomplice, the proven facts or circumstances in evidence relied on to corroborate the testimony of the accomplice must of itself, independently of the testimony of the accomplice, tend directly to connect the defendant with the particular criminal act charged and for which he is on trial. It is not sufficient merely to connect him with the accomplice; the evidence, to be sufficient to corroborate the accomplice, must tend directly and independently [to] connect the defendant with the crime." The court gave all of the requested charge except that portion which begins with the words, "It is not sufficient." When the entire charge is considered, it will be seen that the failure to give the omitted portion of the requested charge was not error.

Criminal Law, 16 C. J. p. 928, n. 81; p. 1049, n. 82; p. 1063, n. 85; p. 1067, n. 97.

Intoxicating Liquors, 33 C. J. p. 758, n. 80; p. 777, n. 58; p. 786, n. 48.

2. The accomplice swore positively that he and the defendant and a third person, about the date named in the indictment, were engaged in making whisky. There were some corroborating circumstances, independent of the evidence of the accomplice, which tended to connect the accused with the guilty act, and the sufficiency of the corroboration was a matter entirely for determination by the jury; and this court will not disturb the judgment of the trial judge overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*